IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **SHAWNI S. MOSHIRI,** | ) | Case No. 14-27900 |
| | ) | |
| Debtor. | ) | Honorable Jack B. Schmetterer |
| | ) | |
| | ) | |
| **RONALD R. PETERSON**, not individually but as the Chapter 7 Trustee of the Estate of Shawni S. Moshiri, | ) ) ) | |
| | ) | Adversary No. 15-00101 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **SHAWNI S. MOSHIRI,** | ) | |
| | ) | |
| Defendant. | ) | |

### PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION FOR ENTRY OF DEFAULT JUDGMENT

THIS CAUSE CAME TO BE HEARD upon Ronald R. Peterson's (the "Trustee)" not individually but as the chapter 7 trustee for Shawni S. Moshiri, Motion for Entry of Default Judgment dated May 18, 2014 (the "Motion"); the Trustee having properly served Shawni S. Moshiri (the "Debtor") at his home at 800 N. Michigan Avenue, Unit 2203, Chicago, Illinois, as the Debtor's bankruptcy counsel, attorney Tom Makedonski at 7354 N. Milwaukee Avenue, Niles, Illinois 60714 and that neither Shawni S. Moshiri nor his attorney appeared before the Court; the Debtor having failed to answer or otherwise respond to the Trustee's Complaint or to appear in court, the Court enters the following:

## ~~PROPOSED~~ FINDINGS OF FACT

1. On July 30, 2014 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 7 of the United States Bankruptcy Code.

2. The U.S. Trustee appointed Ronald R. Peterson as the interim Chapter 7 case trustee of the Debtor and Mr. Peterson is now the duly qualified permanent case trustee.

3. On November 11, 2013, the Court entered an order extending the time for the Trustee to file a complaint objecting to the Debtor's discharge under §727(a) of the Bankruptcy Code until February 18, 2015. (Bankr. Dkt. 20.)

4. The Debtor's bankruptcy Schedule A lists a parcel of real property in which the Debtor holds an interest: a property located at 800 N. Michigan, Unit 2203, Chicago, Illinois (the "Chicago Property"). The Debtor listed the Chicago Property to be worth $1.3 million.

5. The Debtor's bankruptcy Schedule D states that US Bank is the secured creditor of the Chicago Property and is owed $1,325,000.

6. The Debtor's bankruptcy Schedule B lists the value of the Debtor's personal property at $4,800.

7. The Debtor's bankruptcy Schedule I lists the Debtor's monthly income at $1,668.34, which comes to an annual income of $20,020.08.

8. After reviewing the Schedules, the Trustee sought information from the Debtor regarding how the Debtor could afford to obtain a mortgage on a home valued at $1.3 million with an annual income of only $20,000.

9. On September 17, 2014, the Trustee convened a section 341 meeting and examined the Debtor under oath.

10. The Debtor did not have sufficient information regarding the Debtor's finances and the Trustee adjourned the section 341 meeting until October 7, 2014.

11. The Debtor did not provide the Trustee with the requested documentation and the Trustee adjourned the section 341 meeting under November 12, 2014.

12. On November 4, 2014, the Trustee sent Debtor's bankruptcy counsel a letter requesting certain pieces of information, including: (i) copies of the Debtor's bank statement for 2014; (ii) copies of the Debtor's credit card statement for 2014; (iii) copies of the Debtor's cancelled checks and the Debtor's checkbook ledger; (iv) a copy of the Debtor's 2013 Form 1040; (v) a copy of the Debtor's 2013 second real estate tax bill for the Chicago Property; and (vi) a copy of the note and mortgage on the Chicago Property.

13. The Debtor did not responded to the Trustee's November 4, 2014 letter by the time the Complaint was filed and did not produce the documents requested by the Trustee. The debtor's subsequent response was incomplete.

14. On February 17, 2015, the Trustee filed a Complaint commencing the above-captioned adversary proceeding. The Complaint, the Trustee seeks a denial of the Debtor's discharge under §727(a)(3) and (4) of the Bankruptcy Code due to the Debtor's failure to produce certain financial information regarding the Debtor's financial condition and business transactions requested by the Trustee.

15. On February 23, 2015, the Trustee sent a copy of the Complaint and the Summons to the Debtor-Defendant by first class United States mail, postage prepaid, at the following addresses:

> Shawni S. Moshiri
> 800 N. Michigan
> Unit 2203
> Chicago, IL 60611

3

Tom Makedonski
Law Office of Tom Makedonski
7354 N. Milwaukee Ave.
Niles, IL 60714

16. The Trustee served the Debtor at his personal address and also served the Debtor's counsel who filed the Debtor's chapter 7 bankruptcy petition.

17. To date, no appearances have been filed on behalf of the Debtor in the adversary proceeding.

18. The Debtor had until March 19, 2015, to answer or otherwise respond to the Complaint. To date, the Debtor has not filed an answer or otherwise responded. Neither the Debtor nor his counsel have requested an extension of the Debtor's time to answer or otherwise plead. Five status hearings have been held before this Court on the above-captioned adversary proceeding. The Debtor has not appeared at any status hearing.

19. The Debtor has yet to file an answer or otherwise plead.

## CONCLUSIONS OF LAW

20. This Court has jurisdiction of the parties and the subject matter of this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). The Court has the constitutional authority to enter a final order resolving the adversary proceeding.

21. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

22. The Court find that the Trustee effectuated proper service of the Complaint upon the Debtor.

23. The Debtor failed to file a timely answer or other responsive pleading pursuant to Rule 12 of the Federal Rule of Civil Procedure made applicable to the above-captioned adversary

4

proceeding by Rule 12 of the Federal Rules of Civil Procedure, and has not requested an extension of time to do so and have no presented a defense or otherwise appeared in this matter.

24. Based on the factual record in evidence before this Court, including the facts laid out herein, the Trustee has demonstrated a *prima facie* case under 11 U.S.C. § 727(a)(3), and (a)(4) and is entitled to a judgment denying the Debtor a discharge.

25. Default judgments in bankruptcy proceeding are governed by Rule 55(b) of the Federal Rules of Civil Procedure, make applicable to this adversary proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure.

26. Rule 8(d) of the Federal Rule of Civil Procedure, incorporated by Rule 7008(b) of the Federal Rules of Bankruptcy Procedure, provides that an allegation to which a "responsive pleading is required" is deemed admitted when not denied in the responsive pleading.

27. Consequently, the Debtor's failure to answer the allegations of the Complaint within the time required by Rule 7012 of the Federal Rule of Bankruptcy Procedure constitutes an admission of all of the allegations in the Complaint. Thus, the Court will enter default judgment as the record establishes the Trustee's *prima facie* case under 11 U.S.C. § 727(a)(3), and (a)(4) that the Debtor is not entitled to a discharge.

28. In Count I of the Complaint, the Trustee seeks to deny the Debtor's discharge under § 723(a)(3) of the Bankruptcy Court provides that the court shall deny a debtor a discharge if "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transaction may be ascertained...." The Debtor has at a minimum concealed basic information regarding the Debtor's financial condition and business transactions, and his discharge is therefore denied under § 723(a)(3).

29. In Count II of the Complaint, the Trustee seeks the denial of the Debtor's discharge under § 727(a)(4), which provides that the shall deny a debtor a discharge if "the debtor knowingly or fraudulently, in or in connection with the case—(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs." The Debtor has knowingly and fraudulently withheld from the case trustee entitled to possession of certain requested information that relates to the Debtor's property and financial affairs.

30. Pursuant to 11 U.S.C. § 727(a)(3) and § 727(a)(4), this Court declares that the Debtor's discharge is denied.

31. A judgment order will follow.

~~Dated: June 9, 2015~~

July 6, 2015
JUL 06 2015

~~Respectfully submitted,~~

~~RONALD R. PETERSON, not individually but as Chapter 7 Trustee for SHAWN S. MOSHIRI~~

~~By: /s/ Ronald R. Peterson~~
~~One of His Attorneys~~

[Signature]
U S Bank[ruptcy] Judge

Ronald R. Peterson (ARDC # 2188473)
Landon S. Raiford (ARDC # 6297473)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
Phone: (312) 222-9350
Facsimile: (312) 527-0484
*Counsel for the Trustee*